Owen M. Rumelt
David M. Mohl
SLEVIN & HART, P.C.
Attorneys for Plaintiffs
614 Hempstead Gardens Drive
West Hempstead, NY 11552
(516) 203-7570
        - and -
1625 Massachusetts Avenue N.W., Suite 450
Washington D.C. 20036
(202) 797-8700
(202) 234-8231 (fax)
orumelt@slevinhart.com
dmohl@slevinhart.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
THE 32BJ NORTH PENSION FUND and its BOARD OF
TRUSTEES,

                                       Plaintiffs,

                -against-

MORRIS HEIGHTS MEWS ASSOCIATES, LP and
JOSHUA S. VOGEL,

                                   Defendants.
------------------------------------------------------------------------X

**COMPLAINT**

Case No.  7:16-cv-798

Plaintiffs, the 32BJ North Pension Fund and its Board of Trustees (collectively, the "Fund"), by their attorneys, Slevin & Hart, P.C., hereby complain of Defendants Morris Heights Mews Associates, LP ("Morris Heights") and Joshua S. Vogel ("Vogel") (Morris Heights and Vogel are collectively "Defendants") as follows:

**Jurisdiction and Venue**

1. Jurisdiction of this Court arises pursuant to Sections 502, 515, and 4301(c) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132, 1145, and 1451(c).

2. Supplemental jurisdiction of this Court against individual Defendants Vogel arises under 28 U.S.C. § 1367(a) and New York State Partnership Law §§ 26 and 121-403.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391 and Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d).

## The Parties

4. The Fund is an "employee benefit plan" and a "multiemployer plan" within the meaning of Sections 3(3), 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(3), 1002(37) and 1301(a)(3), respectively and is administered at 25 West 18th Street, New York, New York.

5. The Trustees are "fiduciaries" of the Fund within the meaning of Section 3(21) of ERISA, 29 U.S.C. §1002(21). The Trustees bring this action on behalf of the Fund and its participants and beneficiaries pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3) and Section 185 of the Labor Management Relations Act of 1948 ("LMRA"), 29 U.S.C. §185.

6. Upon information and belief, Morris Heights has been, at all times relevant hereto, a limited partnership that maintains its office at 215 East 164th Street, Bronx, NY, 10456 and, at all times relevant hereto, an "employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5).

7. Upon information and belief, Vogel was, at all times relevant hereto, the general partner of Morris Heights and resides at 59 West 12th Street, Apt. 5C, New York, NY 10011-8524.

8. Upon information and belief, Morris Heights owned the property located 1695 Grand Avenue (the "Building") until it sold the Building on or about November 17, 2010.

## Factual Allegations in Support of Relief Sought

9. The Fund incorporates the foregoing paragraphs as if fully stated herein.

10. At all times relevant to this action, Morris Heights has been a party to one or more collective bargaining agreements ("CBAs") with Local 32BJ, Service Employees International Union (the "Union.")

11. The terms of the CBAs obligated Morris Heights to, *inter alia*, make contributions to the Fund for employees covered by the CBAs ("Participants.")

12. Upon information and belief, Morris Heights permanently ceased to have an obligation to contribute to the Fund when it sold the Building to Morris Heights HDFC on or about November 17, 2010.

13. Such cessation constituted a "complete withdrawal" from the Fund, as defined in Section 4203 of ERISA, 29 U.S.C. § 1383.

14. The Fund determined that, as a result of the complete withdrawal, Morris Heights and its control group incurred withdrawal liability to the Fund in the amount of $10,866. Said sum was determined in accordance with Section 4201(b) of ERISA, 29 U.S.C. § 1381(b).

15. By letter dated March 30, 2015, the Fund issued a Notice and Demand (the "Notice and Demand") to Morris Heights for payment of withdrawal liability. The Notice and Demand was sent in accordance with Sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1).

16. The Notice and Demand for payment informed Morris Heights that its lump sum withdrawal liability was $10,866 plus interest, payable in five quarterly installments of $2,143.75 and a final payment of $307.62, with the first payment due sixty days from the date of the letter, *i.e.*, June 1, 2015 ("Due Date").

17. Morris Heights did not, at any time within ninety days after its receipt of the Notice and Demand, (i) ask the Trustees to review any specific matter relating to the determination of its liability and the schedule of payments, (ii) identify any inaccuracy in the

determination of the amount of the unfunded vested benefits allocable to it, or (iii) furnish any additional relevant information to the Trustees (collectively, "Request Review.")

18. As a result of its failure to Request Review, Morris Heights is precluded from initiating arbitration to dispute the Fund's determination of its withdrawal liability.

19. Morris Heights failed to make its first scheduled payment on Due Date.

20. By letter dated June 9, 2015, the Fund notified Morris Heights that it was delinquent and would be in default within the meaning of Section 4219(c)(5) of ERISA if it failed to cure the delinquency within sixty days from the date of the letter.

21. By letter dated October 28, 2015 ("Default Letter"), the Fund advised Morris Heights that, because the Fund had not received payment within the foregoing sixty day period, Morris Heights was in default.

22. The Default Letter further advised that since no payment had been received by the Fund, Morris Heights' withdrawal liability obligation had been accelerated and that, as a result, Morris Heights was required to immediately pay the entire lump sum withdrawal liability owed to the Fund, together with interest accrued thereon and liquidated damages.

## Count I
### (Against Defendant Morris Heights for Delinquent Withdrawal Liability)

23. The Fund incorporates the foregoing paragraphs as if fully stated herein.

24. The Fund has not received any payment of withdrawal liability from Morris Heights or from any other entity on its behalf.

25. Section 4301(b) of ERISA, 29 U.S.C. § 1451(b), provides that the failure to make withdrawal liability payments when due shall be treated as a contribution delinquency under Section 515 of ERISA, 29 U.S.C. § 1145.

26. As a result of the foregoing, Morris Heights is liable to the Fund under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for accelerated withdrawal liability in the amount of $10,866; interest accrued thereon at the rate set forth in the Fund's plan document and Policy for Collection of Delinquent Contributions of nine (9%) percent per annum during the period of June 1, 2015 through the date of entry of judgment; liquidated damages in the amount of $2,173.20, representing twenty (20%) percent of the accelerated withdrawal liability, and reasonable attorneys' fees and costs of this action (collectively, the "Requested Relief.")

## Count II
### (Against General Partner Defendant for Delinquent Withdrawal Liability)

27. The Fund incorporates the foregoing paragraphs as if fully stated herein.

28. Section 26 of New York State Partnership Law provides for joint and several liability of all partners of a general partnership for all debts and obligations of the partnership. NY CLS Partn § 26.

29. Accordingly, by letter dated October 28, 2015 ("Personal Liability Letter"), the Fund advised Vogel that, as the general partner of Morris Heights, he was personally liable under New York State law for the withdrawal liability owed to the Fund, plus all interest accrued thereon and liquidated damages.

30. The Personal Liability Letter required payment by Vogel of all amounts owed within 10 days of receipt of the letter.

31. The Fund has not received any payment of withdrawal liability from Vogel or any other entity on his behalf.

32. Section 4301(b) of ERISA, 29 U.S.C. § 1451(b), provides that the failure to make withdrawal liability payments when due shall be treated as a contribution delinquency under Section 515 of ERISA, 29 U.S.C. § 1145.

33. As a result of the foregoing, Vogel is liable to the Fund under NY CLS Partn § 26 and Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for the Requested Relief.

**WHEREFORE,** Plaintiffs respectfully request that the Court enter a judgment;

(a) Ordering Defendants to remit payment of the accelerated withdrawal liability in the amount of $10,866, interest accrued thereon at the rate of nine (9%) per annum during the period of June 1, 2015 through the date of entry of judgment and liquidated damages in the amount of $2,173.20;

(b) Ordering Defendants to pay Plaintiffs' reasonable attorney's fees and the costs of this action, including fees and costs incurred in the execution of any judgment awarded, as set forth in the Fund's plan document and Section 502(g) of ERISA, as amended, 29 U.S.C. § 1132(g); and

(c) Granting Plaintiffs such further and other relief as the Court may deem just and proper.

Dated: Washington, DC
      February 2, 2016

Respectfully submitted,

/s/ Owen M. Rumelt
Owen M. Rumelt
David M. Mohl
SLEVIN & HART, P.C.
614 Hempstead Gardens Drive
West Hempstead, NY 11552
(516) 203-7570
    - and -
1625 Massachusetts Avenue N.W., Ste. 450
Washington D.C. 20036
(202) 797-8700
(202) 234-8231 (fax)
orumelt@slevinhart.com
dmohl@slevinhart.com

A copy of this Complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail, as required by Section 502(h) of ERISA, 29 U.S.C. § 1132(h).
20357357v3